UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WALTER L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-00531-PLR-HBG |
| | ) | |
| BABCOCK & WILCOX TECHNICAL SERVICES Y-12, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 46] of the District Judge.

Now before the Court is the Plaintiff's Motion for Attorney[']s Fees and Costs [Doc. 43], filed on April 25, 2016. The parties attended a motion hearing on June 21, 2016. Attorneys Stephen Crofford and Mary Parker were present on behalf of the Plaintiff. Attorney John Burgin, Jr., was present on behalf of the Defendant. The Court has considered the briefing filed in this case and the oral arguments presented at the June 21 hearing. For the reasons more fully explained below, the Court recommends that the Plaintiff's Motion for Attorney[']s Fees and Costs be **GRANTED IN PART AND DENIED IN PART** and that the Plaintiff recover $115,678.50 in attorney's fees.

I.  BACKGROUND

By way of background, the Complaint in this case was filed on November 8, 2011. [Doc. 1]. The Complaint alleged violations pursuant to Title VII, including hostile work environment claims and allegations of race discrimination. The parties participated in a bench trial before

District Judge Reeves on December 9, 2014. [Doc. 32]. The bench trial concluded on December 10, 2014. [Doc. 33].

The District Judge entered the Findings of Fact and Conclusions of Law on March 30, 2016. [Doc. 41]. Specifically, the District Judge found that the Plaintiff failed to establish by a preponderance of the evidence that the comments made by certain co-workers prior to May 2009 were severe or pervasive enough to create an intimidating, hostile, or offensive work environment. The Court, however, found that between May 2009 and January 2010, the Defendant created a hostile work environment based on the Plaintiff's race and that the Defendant made little, if any, effort to resolve the situation. The Court declined to award punitive damages but awarded the Plaintiff $150,000.00 in compensatory damages. In addition, the Court awarded the Plaintiff a reasonable amount for costs and attorney's fees.

## II. POSITIONS OF THE PARTIES

The Plaintiff moves this Court [Doc. 43] to award $164,405.00 in attorney's fees. Specifically, Attorney Parker's hourly rate is $500, and she spent 167.35 hours on this case. Attorney Crofford's services are $450 per hour, and he spent 179.4 hours on this case. The Plaintiff filed affidavits from other attorneys with similar experience as evidence of the prevailing market rate. The Plaintiff argues that he made a reasonable effort to obtain an attorney in East Tennessee but was unable to find an attorney. The Plaintiff argues that in Nashville, courts have awarded legal fees at rates in excess of $400 per hour and that in Chattanooga, courts have awarded attorneys $395.00 per hour. At the hearing, the Plaintiff argued that court-awarded attorney's fees in Knoxville were lower than other areas in the region. The Plaintiff urged the Court to increase attorney's fees in order to conform with fee awards that have been made in Nashville, or at least in Chattanooga.

The Defendant filed a Response [Doc. 48] objecting to the Plaintiff's Motion. The Defendant argues that the requested hourly rate far exceeds the highest hourly rate that the Court has found to be reasonable. In addition, the Defendant avers that the Court should reduce the hours that were submitted. The Defendant argues that because the Plaintiff did not prevail on all of his claims, the hours billed should be reduced by thirty-five (35) percent. Moreover, the Defendant asserts that the Plaintiff filed EEOC charges against the union and bargaining representative and that the time spent pursuing these EEOC charges should not be recoverable. Finally, the Defendant submits that because the time sheets do not reflect any reduction for travel time, the Court should reduce the total hours by 18, which accounts for six trips between Nashville and Knoxville at three hours each way.

## III. ANALYSIS

In the present matter, the Court notes that the District Judge has already awarded attorney's fees. Thus, the only determination for this Court is whether the requested amount of attorney's fees is reasonable. In making this determination, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." <u>Isabel v. City of Memphis</u>, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-16. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)).

As mentioned above, the Defendant has raised a number of objections. With the above analysis in mind, the Court will address the Defendant's objections.

*(a) Thirty-Five Percent Reduction*

The Defendant argues that counsels' hours should be reduced by thirty-five percent. The Defendant submits that the Plaintiff did not prevail on two of his claims that he alleged in his Complaint. Specifically, the Defendant asserts that the Plaintiff did not establish that he was forced to go on medical leave and was unable to work for the Defendant as alleged in the Complaint. The Defendant submits that the Plaintiff withdrew this claim at his deposition. In addition, the Defendant argues that the Plaintiff failed to prevail on his claim that there were numerous incidents before May 2009 where his co-workers made racially offensive comments to him. For these reasons, the Defendant submits that the total number of hours should be reduced by thirty-five percent.

At the hearing, the Plaintiff argued that no time was billed with respect to the medical leave issue. The Plaintiff admitted that during his deposition, he conceded that he was not seeking any damages with respect to those allegations. Furthermore, the Plaintiff argued that with respect to the pre-May 2009 events, they were part of a common core of facts. The Plaintiff stated that counsel would have brought those events to the Court's attention in order to provide context to the Plaintiff's allegations.

The Court agrees with the Plaintiff. With respect to the Plaintiff's allegation that he was forced to go on medical leave, he withdrew these allegations at the deposition and no time was specifically billed on this issue. With respect to the pre-May 2009 claims, while these allegations

4

failed to establish a hostile work environment, the Court agrees that they provided context for the Plaintiff's lawsuit. For instance, in Hensley v. Eckerhart, the Supreme Court noted:

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

461 U.S. 424, 434 (1983). In the instant matter, the Court has reviewed the billing records, and it appears that counsels' time was devoted to the litigation as a whole. Moreover, the District Judge found that the Defendant created a hostile work environment, and the Plaintiff was awarded $150,000.00 in compensatory damages. The Court finds that such a result justifies the hours spent in this case. Accordingly, the Defendant's argument is not well-taken.

*(b) Time Billed for EEOC Charges*

The Defendant avers that the timesheets submitted include fees for representing the Plaintiff with respect to EEOC charges filed against his union and bargaining representative. Specifically, the Defendant cites to the following billing entries of Attorney Crofford:

.3    8-4-11 received a letter from Jones regarding request from EEOC case manager Riley McKenzie. Also receive an email with contact information

.6    8-6-11 sent fax to Stephen Liston from EEOC 22 pages of gathered documents

.4    8-18-11 sent letter to EEOC McKenzie requesting right to sue letter 494-201 1-00434

.2    8-21-11 received right to sue on charge number 494-2011-00434.

5

With respect to Attorney Parker's billing, the Defendant objects to the following entries:

.5 8/8/11 reviewed client letter, EEOC info, and p/c with client

.2 8/22/11 reviewed EEOC correspondence (rt. to sue)

.25 8/22/11 reviewed correspondence b/t S.C. and EEOC

In sum, the Defendant objects to 2.45 hours of time spent for work at the EEOC.

At the hearing, the Defendant emphasized that it should not pay for the Plaintiff to litigate against different entities. The Plaintiff responded that his counsel was trying to get the actions consolidated so that the EEOC's Right to Sue letters would all be sent at the same time.

The Court notes that at the hearing the Plaintiff did not refute the Defendant's argument that the above billing entries relate to different entities other than the Defendant. The Court finds it unreasonable for the Defendant to pay fees for litigation that did not involve the Defendant. Accordingly, the Court will recommend that the total number of hours requested be reduced by 2.45 hours (1.5 hours from Attorney Crofford's time and .95 hours from Attorney Parker's time).

 *(c)* *Hourly Rate*

The Plaintiff's Motion states that the requested hourly fee for Attorney Parker's services is $500 per hour and that the requested fee for Mr. Crofford's services is $450 per hour. At the hearing, counsel argued that courts in Chattanooga have awarded $395 per hour and that the Court needed to set an amount that would entice competent attorneys to handle cases filed in Knoxville. The Plaintiff stated that the Northern Division of the Eastern District seemed to be at a currently prevailing $300 cap on hourly rates. The Defendant responded that in Knoxville, courts typically award attorneys between $250 to $300 and that there is no reason to depart from

6

this range. The Defendant argued that while other cases in other regions have occasionally awarded more than $300, these decisions are not consistent.

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the court's territorial jurisdiction or venue. Brooks v. Invista, No. 1:05-cv-328, 2008 WL 304893, *3 (E.D. Tenn. Jan. 30, 2008) (citing Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000)). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." Id. (citing Coulter v. Tennessee, 805 F.2d 146, 148 (6th Cir.1986)).

The Court of Appeals has explained this distinction well:

> The statutes use the words "reasonable" fees, not "liberal" fees. Such fees are different from the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate.

Coulter, 805 F.2d at 149; see also Lamar Adver. Co. v. Charter Township of Van Buren, 178 Fed. App'x 498 (6th Cir. 2006) ("Even if it would be reasonable to award [plaintiff] $370 per hour, the record supports the district court's conclusion that $200 per hour is sufficient to encourage competent lawyers in the relevant community to undertake legal representation.").

In this case, the Court finds that the rates requested by the Plaintiff ($500 for Attorney Parker and $450 for Attorney Crofford) exceed the prevailing market rates in this jurisdiction and venue, and also exceed the amount necessary to cause competent legal counsel to perform the work required or to attract competent counsel to take such cases in Knoxville, Tennessee. Instead, the Court recommends that $345 be the appropriate hourly rate for both Attorney Parker

7

and Attorney Crofford. The Court recognizes that this hourly fee rate is an increase from the range which has been awarded,[1] but the Court finds that given the unique circumstances of this particular case, a rate of $345 per hour is warranted. As mentioned above, the most critical factor in determining reasonableness is the result obtained in the case. Here, the Plaintiff received $150,000.00 in compensatory damages, a successful result. The Court also recognizes the experience of both attorneys involved in this case. Specifically, Attorney Crofford has been practicing law since 1986 and has received recognition for the top 100 trial lawyers in Tennessee, Super Lawyers in Tennessee, Arkansas, and Mississippi. [Doc. 43-1]. As stated in his Affidavit, he is "one of the more experienced attorneys in Nashville litigating on behalf of plaintiffs in civil rights litigation." [Doc. 43-1 at 2]. Attorney Parker has been practicing law for thirty-eight years, and her practice is almost exclusively representing plaintiffs in civil rights and personal injury cases. [Doc. 43-2]. The Court finds that $345 per hour is reasonable given both attorneys' experience. The Court also acknowledges that counsel had to spend time preparing for a two day bench trial that involved twelve witnesses. Accordingly, the Court recommends both counsel receive $345 per hour.

---

[1] See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

*(d) Traveling Time*

The Defendant argues that Plaintiff's counsel failed to exercise billing judgment in seeking 100% of the hourly rate for time spent driving between Nashville and Knoxville. The Defendant asserts that since the time sheets do not reflect any reduction for travel time, the Court should reduce the total hours billed by 18, which is the equivalent of six trips, at three hours one way, between downtown Nashville and Knoxville. During the hearing, the Plaintiff stated that on the way to the trial, counsel discussed the case and continued to prepare for trial.

In Grant v. Shaw Environmental, the court noted, "Courts in this circuit regularly reduce travel compensation to fifty-percent of the reasonable hourly rate for counsel." No. 3:08-cv-350, 2013 WL 1305599, *8 (E.D. Tenn. Jan. 30, 2013), aff'd by 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013). The court explained that "[s]uch redactions are made where the movant has not demonstrated that out-of-town counsel is necessary and to account for the fact that counsel cannot afford the litigation their full attention while they are traveling." Id.

At the hearing, Plaintiff stated that he had to obtain counsel in Nashville because he could not locate Knoxville counsel. Based on this slim proffer, the Court finds that the Plaintiff failed to establish that out-of-town counsel was necessary. Thus, the Court finds a slight reduction in traveling fees to be reasonable. Both counsel reported their travel time in block billing entries. Therefore, the Court will rely on the Defendant's assertion that the drive time between Nashville and Knoxville is three hours.[2]

Based on the billing records, Attorney Crofford traveled to Knoxville three times, while Attorney Parker traveled to Knoxville one time for trial. These trips result in twenty-four hours of driving time. With respect to the trip from Nashville to Knoxville to attend trial, the Court will not deduct any time since counsel explained at the hearing that they discussed and prepared for

---

[2] Moreover, the Plaintiff did not object to the Defendant's assertion.

the trial during the entire trip. Thus, the Court will deduct 50 percent of the 18 hours that were billed for travel time.

## IV. CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[3] that the Plaintiff recover $115,678.50 in attorney's fees. The Court arrives at this calculation as follows:

| Attorney | Requested Hours | EEOC Reduction | Travel Reduction | Hourly Rate | Award |
|---|---|---|---|---|---|
| Parker | 167.35 | .95 | 1.5 | $345 | $56,890.50 |
| Crofford | 179.4 | 1.5 | 7.5 | $345 | $58,788.00 |
| | | | | | Total: $115,678.50 |

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).